EUREKA FIRE HOSE CO. v. REYNOLDS et al.

(Supreme Court, Appellate Term.    February 23, 1904.)

1. SALES—WARRANTY—CONSTRUCTION.

Where plaintiff sold defendant hose under a guaranty that it would pass inspection of the fire department and underwriters, and it appeared that the fire department could not approve the hose, because it failed to conform to certain of its requirements, defendant could not be held liable because the hose had not been officially rejected by the fire department after a test.

2. SAME—ACTION FOR PURCHASE PRICE—BURDEN OF PROOF.

Where hose was sold with a warranty that it would pass the fire department inspection, if the fire department had nominal requirements, which were not enforced, it was for plaintiff, in an action for the price, to show that fact.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Eureka Fire Hose Company against James Reynolds and another. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Quackenbush & Wise (Arnold Wedemeyer, of counsel), for appellants.

Daniel S. O'Brien, for respondent.

GIEGERICH, J. The plaintiff sold to the defendants certain hose upon the guaranty that "it will pass inspection of the fire department and underwriters." It appears from the uncontradicted evidence of witnesses called for the defense that the fire department could not approve the hose, because it failed to conform to certain of its requirements; but the plaintiff insists that the defendants are nevertheless liable, because the hose had not been officially rejected by such department after a proper test made. We cannot, however, yield our assent to this contention, since it would have been an idle ceremony to request such department to pass upon goods purchased by private citizens for their own use, and which the undisputed evidence shows could not, under its rules and regulations, be approved. The defendants, under the terms of the sale, as we construe them, were entitled to hose that would meet all the requirements of the fire department and the underwriters, which is only another way of saying such hose as would pass their inspection. If they had nominal requirements, which were not enforced, it was for the plaintiff to show that fact. Inasmuch as hose of the description called for was not proven to have been delivered, the judgment was erroneous, and must be reversed, with costs to the appellants to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event. All concur.